UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Ricky L. Wright,**
    **Plaintiff,**

v.                         Case No. 2:10–cv–865

**Michael J. Astrue, Commissioner**     **Judge Michael H. Watson**
**of Social Security,**                  **Magistrate Judge Abel**

    **Defendant.**

## ORDER

This matter is before the Court on plaintiff Ricky L. Wright's April 25, 2011 objections to Magistrate Judge Abel's April 11, 2011 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Ricky L. Wright is not disabled within the meaning of the Act. The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff argues that the administrative law judge erred by refusing to consider medical evidence prior to the claimant's alleged onset date. Plaintiff maintains that the Commissioner is supposed to develop a claimant's complete medical history for at least the twelve months preceding the month in which the application is filed unless there is a reason to believe that development of an earlier period is necessary. Plaintiff contends that he began having difficulty with his heart in the late 1990s. He also suffered from knee pain and edema in his lower leg. He sustained a fracture of his left tibia which

caused recurrent infection and led to a bone graft, rod and muscle graft to cover the ulcer. The Commissioner concluded that despite his musculoskeletal impairment since the 1980s, plaintiff maintained full-time employment. Plaintiff argues that the Commissioner erred in finding that the prior evidence was unnecessary because his current state of health was impacted by his previous trauma. Plaintiff relies on a statement by Dr. Dehmlow, who opined plaintiff "could work but he is so morbidly obese I do not see how he is going to be able to work very much and be on his [left] foot for very long." (R. 233.)

> The administrative law judge stated:
>
> The claimant alleged hip and leg pain secondary to his history of lower extremity fracture in the 1980's. However, as confirmed by the medical expert, the record does not contain current objective or clinical evidence of significant degenerative changes in the lower extremities or hips and does not document the presence of an ongoing severe impairment. Treatment records are remarkable only for the claimant's subjective complaints and do not support a finding that the claimant has suffered from a lower extremity impairment that can be reasonably expected to reduce his functional capacity for any consecutive 12-month period since his alleged disability onset date of September 27, 2004.

(R. 22.) The Magistrate Judge concluded:

> Plaintiff does not point to any evidence demonstrating that he had a severe musculoskeletal impairment. Rather, he relies on evidence from a prior Social Security application. Plaintiff does not state what the earlier evidence stated or describe the evidence upon which he relies in any way whatsoever. The administrative law judge cannot consider evidence that was not made part of the record. There is substantial evidence in the record supporting the administrative law judge's finding that the treatment records only contained plaintiff's subjective complaints concerning his alleged musculoskeletal impairment. The record does not contain any medical source opinion indicating that plaintiff's musculoskeletal impairments, alone or in combination with other impairments, prevent him from performing the work described in the administrative law judge's residual functional capacity findings.

2

> Even though the administrative law judge concluded that plaintiff did not have a severe musculoskeletal impairment, he formulated a residual functional capacity assessment that accommodated any alleged limitation by limiting him to two hours of combined stand and walking in an 8-hour day.

ECF No. 15, 21–22. Plaintiff appears to be relying on the opinion of Dr. Dehmlow. Although Dr. Dehmlow indicated that plaintiff had undergone a bone graft, rod, and muscle graft following the fracture of his left tibia, Dr. Dehmlow stated that "the left leg does not give him a lot of pain." (R. 233.) Although Dr. Dehmlow's statement indicates his belief that plaintiff's left leg impairment and his obesity in combination may be disabling, this statement was made in the context of a emergency room visit related to complaints concerning chest pain and palpitations and, as a result, carries little weight concerning the ultimate issue of whether plaintiff is disabled. Plaintiff maintains that the statement implies that as plaintiff became more obese, it would be more difficult for him to work. As the Magistrate Judge noted, however, the administrative law judge imposed postural restrictions based on plaintiff's obesity that also accommodated any musculoskeletal impairment. At the hearing, the administrative law judge asked plaintiff's counsel if she had any other records, and counsel responded "I checked the file, and it's complete." (R. 360.) Plaintiff cannot now rely on evidence that was not before the administrative law judge even if the records were part of an earlier application for benefits.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED**. Defendant's motion for summary judgment is

3

**GRANTED.** The decision of the Commissioner is **AFFIRMED.** The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED.**

        **IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**